**Amparo LINDO–TENA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72843.
Agency No. A72–675–255.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 28, 2005.

Suzanne B. Friedman, Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Terri J. Scadron, Hillel R. Smith, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before T.G. NELSON, WARDLAW and TALLMAN, Circuit Judges.

MEMORANDUM**

Amparo Lindo–Tena, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from the Immigration Judge's ("IJ") denial of her applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the denial of asylum and withholding of removal, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and will uphold the BIA's and IJ's decisions unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

We conclude that substantial evidence supports the BIA's and IJ's findings that circumstances in Peru have changed, such that Lindo–Tena has no objective, well-founded fear of future persecution. The IJ provided an individualized analysis of how changed country conditions will affect Lindo–Tena's situation, noting that Lindo–Tena has ceased all activities that might have made her a target of the Shining Path. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003) (where agency rationally construes country report and makes an individualized

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

analysis of petitioner's situation, agency determination will be upheld). Additionally, Lindo–Tena failed to submit any evidence indicating that other teachers or Ambarinian Association members have been persecuted for their activities since her departure, and her sisters, who are also politically active school teachers, have remained in the area without difficulty. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

Because Lindo–Tena failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**